IN THE MATTER OF LELAND L. CASTLE JR., BY HIS NEXT FRIEND
*v.* ARTHUR FLEENOR, JR. AND DONNA SUE FLEENOR.

[No. 1074S211. Filed November 15, 1974.]

*John R. Dollins,* of Scottsburg, for plaintiff.

*Donald R. Bonsett,* of Scottsburg, for defendants.

PRENTICE, J.—We have before us a petition for the appointment of a special judge to replace the Honorable Eugene

Feller who was, at the time of his death, serving as special judge in this cause. Judge Feller qualified after being selected from the first panel named under Trial Rule 79(3) following a motion for change from the regular judge filed under Trial Rule 76.

The manner of selecting special judges following the removal of the regular judge by motion for a change is governed by Trial Rule 79. However, there is a void in such rule with respect to the particular situation at hand. Section (3) provides that the regular judge shall appoint a panel from which the parties shall select a special judge. Section (8) provides for the procedure of Section (3) to be repeated, if the person so selected fails to appear and qualify; and Section (12) provides for the selection to be made by this Court when the person selected under Section (8) either (a) fails to qualify or (b) having qualified, becomes disqualified. Absent is a specific provision for the procedure to be employed when the person selected under Section (3) has qualified but subsequently becomes disqualified.

This Court has the authority and responsibility to provide rules of trial procedure. Great effort is extended to make such rules wholly prospective in order that trials may proceed in an orderly fashion. To effect such purpose, we are reluctant to adopt or amend rules, except in accordance with the established procedure. When, however, a hiatus in the procedure appears which has thwarted the progress of the trial, we have the inherent responsibility and authority to remove the impediment.

This is not the first instance of disqualification of a special judge selected and qualified from the first panel; and this Court has, heretofore, made the appointment under such circumstances without writing upon the subject. We believe this practice comports with the over-all objective of Trial Rule 79, and is preferable to the resumption of jurisdiction by the regular judge of the trial court for the limited purpose of naming a second panel. We are cognizant of ancient

cases where we approved the naming of a subsequent panel by the regular judge, following the disqualification of a special judge. Bobbitt's Revision of Works Indiana Practice, § 24.24 and cases there cited. Those cases were decided long before this Court assumed its present rule-making roll, and we do not consider them binding.

The prayer of the petition is now granted, and the Honorable Paul J. Tegart, having indicated his willingness to accept such appointment, is now appointed as Special Judge in the above entitled cause.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported at 318 N.E.2d 567.